UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DEKHAIRA MOORE, #650315,

        Petitioner,

                                CASE NO. 2:12-CV-11201
v.                                HONORABLE VICTORIA A. ROBERTS

ROBERT NAPEL,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION**
**TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE**

**I.**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Mark Dekhaira Moore ("Petitioner") asserts that he is being held in violation of his constitutional rights. Petitioner was convicted of two counts of first-degree murder, MICH. COMP. LAWS § 750.316, two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court in 2008. He was sentenced to life imprisonment without the possibility of parole on the murder convictions, concurrent terms of 20 to 40 years imprisonment on the assault convictions, a concurrent term of one to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. In his current petition, he raises claims concerning the sufficiency of the evidence, the admission of a prior statement and his right to confront witnesses, and the admission of other acts evidence. The matter is before the Court on Petitioner's motion to stay his habeas proceedings so that he may return to

the state courts and exhaust additional issues concerning the validity of his sentence. For the reasons stated, the Court denies Petitioner's motion.

## II.

Petitioner's convictions arise from a shooting at a card game during a neighborhood cookout in Detroit, Michigan on September 19, 2007. Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the claims contained in his current petition. The Michigan Court of Appeals affirmed his convictions. *People v. Moore*, No. 290256, 2010 WL 3389746 (Mich. Ct. App. Aug. 26, 2010) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Moore*, 488 Mich. 1047, 794 N.W.2d 607 (March 8, 2011). Petitioner dated his federal habeas petition on February 8, 2012. Respondent filed an answer to the petition on September 24, 2012 asserting that it should be denied. Petitioner dated the instant motion on May 30, 2013.

## III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas

proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. His current habeas claims are exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on March 8, 2011 and the time for seeking a writ of certiorari with the United States Supreme Court expired on June 6, 2011. Petitioner dated his federal habeas petition on February 8, 2012. Thus, only eight months of the one-year period had expired when Petitioner instituted this action.

While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that nearly four months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so. Petitioner has not shown the need for a stay.

### IV.

Accordingly, the Court **DENIES** Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance. Should Petitioner wish to have the Court dismiss the present petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within **30 days** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 11, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Mark Dekhaira Moore by electronic means or U.S. Mail on June 11, 2013.

s/Carol A. Pinegar
Deputy Clerk